**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0281-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OMAR BRIDGES,

    Defendant-Appellant.

_____

> Submitted February 13, 2020 – Decided April 29, 2020
>
> Before Judges Nugent and Suter.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 05-11-2686 and 05-11-2687.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).
>
> Appellant filed pro se supplemental briefs.

PER CURIAM

Defendant Omar Bridges appeals the June 22, 2018 order that denied his petition for post-conviction relief (PCR) without an evidentiary hearing. For reasons that follow, we affirm.

I.

Defendant was indicted under two separate indictments. Following his conviction in 2007 by a jury, we reversed the convictions and remanded for a new trial. See State v. Omar Bridges, No. A-0806-07 (App. Div. Sept. 8, 2010) (slip. op. at 44). After the second jury trial held in 2012, defendant was convicted under indictment 05-11-2686 of first- degree attempted murder of a police officer, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3 (count one); second-degree aggravated assault of a police officer, N.J.S.A. 2C:12-1(b)(1) (count two); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count five); second-degree possession of a weapon, a handgun, for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count six); second-degree possession of an assault weapon, N.J.S.A. 2C:39-5(f) (count seven); and third-degree receiving stolen property, N.J.S.A. 2C:20-7 (count nine). He also was convicted under indictment 05-11-2687 of second-degree possession of a firearm by a convicted felon, N.J.S.A. 2C:39-7(b).

Defendant was sentenced to an aggregate, extended term of thirty years in prison on indictment 05-11-2686 subject to the No-Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to a ten-year consecutive term under indictment 05-11-2687 with a five-year period of parole ineligibility. We affirmed defendant's conviction and his sentence on each count except count seven, which was remanded to the trial court for reconsideration. See State v. Omar Bridges, No. A-1817-12 (App. Div. July 2, 2014) (slip. op. at 25-26). Defendant's petition for certification was denied. State v. Bridges, 220 N.J. 101 (2014).

Defendant was resentenced in June 2016. On indictment 05-11-2686, defendant was sentenced to an aggregate prison term of twenty-eight years, nine months subject to NERA, and on indictment 05-11-2687, to a term of ten-years in prison with a five-year period of parole ineligibility to run concurrently with the other indictment.

Defendant filed a PCR petition and also appealed his sentence as excessive. The PCR petition was withdrawn without prejudice pending the outcome of the appeal. In 2017, we affirmed defendant's sentence. See State v. Omar Bridges, A-00518-16 (App. Div. Feb. 7, 2017).

Defendant's PCR petition was reinstated. Following oral argument, the PCR court denied defendant's petition on June 22, 2018. Defendant appeals that order.

The convictions arose from an incident in Newark in October 2004 where "[defendant] and others stole a Jaguar, engaged in a shoot-out with occupants of a black Subaru, and shot a police officer during an ensuing chase." Bridges, slip. op. at 2.

> Officer [Eduardo] Patinho stopped the patrol car approximately ten feet from the Jaguar and turned on the patrol car's spotlight, which illuminated the left side of the Jaguar. The officer then got out of the patrol car, service weapon drawn, and repeatedly yelled to the Jaguar's rear passenger, "let me see your hands." The passenger shot Officer Patinho through his left shoulder. After shooting the officer, the passenger "[stuck] his head out the window" and the officer "[got] a clear shot at him, looking at him." Officer Patinho fired five rounds at "the individual behind the driver's side of the Jaguar" before the passenger shot him in the jaw and "blew everything out."
>
> [Id. at 6-7.]

Defendant's PCR petition and his supporting certifications alleged ineffective assistance of counsel. Defendant raised issues about his trial counsel's performance at trial by failing to ask questions, make objections or appropriately cross-examine witnesses, including Officer Patinho. Defendant

claimed his attorney did not object when references were made at trial about gang affiliation (the gang claim). Defendant argued his attorney did not ask for a Gross[1] hearing before co-defendant Alphonese Ollie testified (the Gross claim) or a Rule 104 hearing regarding a photograph of Ollie (the photo claim). Defendant argued his trial attorney should have asked for a Wade[2] hearing and a "taint" hearing regarding Officer Patinho's identification of defendant during the trial (the identification claim). Defendant alleged his trial counsel misadvised him about the penal consequences of a supposed plea offer, claiming he did not know he was extended term eligible (the guilty plea claim).

Defendant also claimed ineffective assistance by his appellate counsel. Appeals counsel allegedly failed to argue that Brady[3] was violated by the State's failure to provide Ollie's photograph in discovery because defendant alleged the photograph was exculpatory (the appellate photo claim). Defendant also alleged his appellate counsel failed to raise an issue about the gang affiliation testimony (the appellate gang claim).

---

[1] State v. Gross, 121 N.J. 1 (1990).

[2] U.S. v. Wade, 388 U.S. 218 (1967).

[3] Brady v. Maryland, 373 U.S. 83 (1963).

A-0281-18T1

The PCR court denied the petition following oral argument. In its comprehensive written opinion, the PCR court found that certain issues—the identification issue, the gang claim, the Gross claim, and the photo claim—were raised in defendant's prior appeal and thus, were barred by Rule 3:22-5 from being raised again. Even if they were not barred, the PCR court found these issues did not satisfy the Strickland standards.

The PCR court found that trial counsel's cross-examination of Officer Patinho about his brief observation of defendant fell "within the wide range of presumptively reasonable professional assistance." The PCR court determined defendant was not prejudiced because his attorney emphasized in summation that Officer Patinho's observation was quite brief. The PCR court concluded defendant did not establish the verdict would have been affected had there been further cross-examination about this issue.

On the issue of gang affiliation, the trial court ruled in an in limine motion that Ollie could not testify about defendant's gang affiliation and Ollie did not do so at trial; Ollie only mentioned his own gang affiliation. The PCR court reasoned because of the in limine ruling that "trial counsel did not have to object to the admission of gang affiliation." The PCR court found counsel's performance was not deficient nor did defendant show he was prejudiced.

A-0281-18T1

In the first trial, co-defendant Ollie testified defendant was the shooter. In the second trial, Ollie testified he was the shooter. The PCR court rejected defendant's argument that his trial attorney should have objected to the lack of a Gross hearing regarding Ollie's prior statements, concluding the trial court held a Gross hearing, in substance, before determining the prior statements made by Ollie were reliable. The PCR court determined defendant's trial counsel "could not have been deficient for not objecting to testimony that was duly admitted following an entirely proper hearing." The PCR court denied defendant's claim of prosecutorial misconduct because introduction of Ollie's prior statements were "judicially authorized."

Defendant alleged Ollie's testimony in the first trial about who shot Officer Patinho was coerced by the police. He claimed the prosecutor did not provide his attorney with a photograph of Ollie showing injuries to Ollie's face. The PCR court found this claimed lack of discovery was "refuted by the trial record." The photograph could not be authenticated at the second trial and was not admitted in evidence. However, because Ollie testified to the jury about the photograph's content, defendant did not show prejudice under the second prong of Strickland.

A-0281-18T1

The PCR court denied defendant's claim his trial attorney was ineffective in plea negotiations. The PCR court found defendant's claim about a plea offer by the State to be a "bald assertion" because "there [was] no proof that a plea offer was ever tendered by the State." The pretrial memorandum, signed by defendant prior to the first trial, stated that no plea was offered. Defendant's claim he did not know he was extended term eligible was belied by the same pretrial memorandum, which showed defendant's "maximum exposure was 115 years in custody, the practical equivalent of life imprisonment." Even if an offer had been made as defendant claimed, the PCR court found a "formidable obstacle" to any trial court accepting such a plea. Defendant testified at his first trial that he did not shoot Officer Patinho. The PCR court reasoned that defendant would perjure himself by pleading guilty because he would have to admit to a factual basis for the crimes. Another issue was that defendant certified he would have been "'compelled' to accept the State's (non-existent) plea offer." The PCR court observed that compulsion was not consistent with "the entry of a voluntary guilty plea as required under R[ule] 3:9-2."

Regarding defendant's claims of ineffective assistance by his appellate attorney, the PCR court found defendant had "directly benefited from appellate counsel's ability to 'winnow out' weaker arguments and focus on stronger ones."

The PCR court concluded appellate counsel was not ineffective for failing to raise claims that lacked substantive merit such as the gang issue and the photograph issue.

The PCR court denied defendant's request for an evidentiary hearing because defendant did not "present a prima facie case in support of his claim that counsel was ineffective."

On appeal defendant's PCR counsel raises the following issue:

> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE SUBSTANCE OF THE LEGAL ADVICE PLEA COUNSEL PROVIDED TO DEFENDANT REGARDING A POTENTIAL PLEA OFFER TENDERED BY THE STATE PRIOR TO THE SECOND TRIAL.

Defendant filed a separate brief raising the following issues on appeal:

> POINT ONE
>
> APPELLANT WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL BY COUNSEL NOT RAISING A CLAIM THAT THE STATE VIOLATED ITS OBLIGATION TO DISCOLSE (sic) EXCULPATORY EVIDENCE BEFORE TRIAL AND ONCE THIS EVIDENCE BECAME KNOWN TO THE DEFENSE THE STATE OBJECTED TO THE USE OF SAID EVIDENCE TO BAR DEFENDANT (sic) USE.

POINT TWO

APPELLANT WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY FAILING TO MOVE FOR A GROSS HEARING WHICH RESULTED IN AN UNFAIR TRIAL THAT VIOLATED THE DEFENDANT'S RIGHTS GUARANTEED BY THE U.S. CONST. AMENDS. V AND XIV, 1; N.J. CONST. ART I, PAR 1, THEREFORE THE MATTER SHOULD BE REVERSED AND/OR REMANDED TO THE TRIAL COURT TO CONDUCT A GROSS HEARING SINCE THE CREDIBILITY OF THE STATE'S WITNESS CLEARLY AND CONVINCINGLY CONSTITUTED A DENIAL OF JUSTICE.

POINT THREE

DEFENDANT CONTENDS THAT HIS TRIAL ATTORNEY WAS INEFFECTIVE FOR NOT REQUESTING A TAINT HEARING WHERE DEFENDANT'S CASE CLEARLY SHOWS ITS NECESSITY.

II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, l05 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that

were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Defendant contends his trial attorney advised him about a fifteen-year plea offer subject to NERA prior to the second trial. He claims he was not aware at that time of his eligibility for an extended term sentence. Defendant argues had he known this, he "would have been impelled to accept the far less severe term offer of 15 w/85% NERA." He requests an evidentiary hearing to address this claim.

The record shows defendant's allegations were supported only by self-serving assertions and bare allegations. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (providing "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel"). Defendant presented no evidence he was offered a plea deal. He did not refute that the pretrial memorandum he signed indicated no plea was offered. We agree with the PCR judge that defendant's "bald" claim did not present a prima facie case of ineffective assistance.

Defendant's claim he did not know he was extended term eligible also lacked support.  No one refuted that the pretrial memorandum showed defendant faced a very lengthy period of incarceration if he were convicted of the charges. See R. 3:9-1(f) (providing that the pretrial memorandum sets forth among other things, the pending charges, maximum possible sentence on each charge, and the State's final plea offer).  We are satisfied defendant did not show evidence of a prima facie case of ineffective assistance on this issue.

Defendant raises three other issues in his pro se supplemental brief—the photograph issue, the Gross hearing issue and the identification issue.  We agree with the PCR court that the issues do not warrant PCR relief.

Post-conviction relief is not a substitute for a direct appeal.  R. 3:22–3. "[A] defendant may not employ post-conviction relief to assert a new claim that could have been raised on direct appeal . . . or to relitigate a claim already decided on the merits . . . ."  State v. Goodwin, 173 N.J. 583, 593 (2002).

We previously addressed the identification issue when we affirmed defendant's convictions.  Bridges, slip. op. at 11-21.  Before the second trial, defendant moved to suppress Officer Patinho's identification of him that had been made during the first trial.  He claimed the prior identification "would 'implicate issues of whether or not [the officer] should be allowed to make any

in-court identification, because . . . it would be tainted by the prior identification.'" Bridges, slip. op. at 12. Defendant argued the "principles underlying Henderson[4] and Chen[5] [both of which address pre-trial identification procedures] apply with equal force to an in-court identification that takes place at trial." Slip. op. at 18. We disagreed, finding that "[n]umerous safeguards available to a defendant after an indictment and the appointment or retention of counsel significantly distinguish pre-indictment showups from in-court identifications at trial." Slip. op. at 21.

In this appeal, defendant argues Officer Patinho's identification was tainted and his defense attorney was ineffective for not requesting a "taint" hearing. We agree with the PCR court, however, that counsel's cross-examination fell "within the wide range of presumptively reasonable professional assistance." Defense counsel raised issues about taint in cross-examination and in summation. The fact that the jury was not persuaded does not mean there was ineffective assistance of counsel.

Defendant argues the PCR court erred by denying PCR relief based on trial counsel's failure to object to Ollie's testimony without first conducting a

---

[4] State v. Henderson, 208 N.J. 208 (2011).

[5] State v. Chen, 208 N.J. 307 (2011).

Gross hearing. Whether a prior inconsistent statement is admissible is governed by N.J.R.E. 803(a)(1). State v. Johnson, 421 N.J. Super. 511, 516 (App. Div. 2011). A prior inconsistent statement made under circumstances establishing its reliability can be admissible as substantive evidence. Gross, 121 N.J. at 7-9.

The record revealed that Ollie gave prior testimony that was inconsistent with his trial testimony in the second trial. These prior statements consisted of testimony by Ollie at his guilty plea and the first trial. Both statements were given under oath. Over the objection of trial counsel, the trial court instructed the jury about factors it should consider in determining whether the statement was reliable and if so, to "weigh it along with the other evidence." If the statement was not reliable, it could not be considered for any purpose. We agree with the PCR court that trial counsel "could not have been deficient for not objecting to testimony that was duly admitted following an entirely proper hearing" and thus, that Strickland was not satisfied.

Defendant argues his appellate counsel provided ineffective assistance by not raising the issue the State violated Brady by not disclosing Ollie's photograph. At trial, both attorneys acknowledged the photograph of Ollie was a "tracking" photograph that was not discovered because it was attached to the wrong document. The photograph was not admitted in evidence because it could

14

not be authenticated.  However, Ollie already had testified to the jury he had been physically assaulted.

Here, the jury heard Ollie's testimony about the alleged assault.  The photograph could not be admitted because it could not be authenticated.  Both counsel indicated on the record they were not aware of the photograph because it had been attached to the wrong document.  The issue was identified prior to jury selection.

The PCR court did not err in determining there was not ineffective assistance by trial counsel.  Appellate counsel did not have a duty to raise every issue advanced by defendant.  See State v. Morrison, 215 N.J. Super. 540, 549 (App. Div. 1987) (providing "appellate counsel does not have a constitutional duty to raise every non[-]frivolous issue requested by the defendant").  The question was "whether in the absence of the undisclosed evidence the defendant received a fair trial . . . ."  State v. Nelson, 155 N.J. 487, 500 (1998).  In light of Ollie's testimony about his injuries and the content of the photograph, defendant did not show appellate counsel handled the matter in a manner that was professionally deficient or that defendant was prejudiced by not raising this issue.

A-0281-18T1

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial and appellate counsel within the <u>Strickland-Fritz</u> test. Accordingly, the PCR court correctly concluded that an evidentiary hearing was not warranted. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0281-18T1